UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 22-cv-22867-BLOOM/Otazo-Reyes

CORPORACION INDUSTRIAL
DE ENERGIA, C.A.,

    Plaintiff,

v.

JPMORGAN CHASE BANK, N.A.,

    Defendant.

_____/

**ORDER ON MOTION TO DISMISS AND TO STAY**

**THIS CAUSE** is before the Court upon Defendant JPMorgan Chase Bank, N.A.'s ("Defendant" or "JPMorgan") Motion to Dismiss Plaintiff's Amended Complaint, ECF No. [16] ("Motion to Dismiss"), and Motion to Stay Discovery Pending Resolution of Its Motion to Dismiss Plaintiff's Amended Complaint, ECF No. [18] ("Motion to Stay") (together, the "Motions"). The Court has carefully considered the Motions, all opposing and supporting submissions, the record in this case, the applicable law, and is otherwise fully advised. For the reasons that follow, the Motion to Dismiss is granted in part, and the Motion to Stay is denied as moot.

**I.    BACKGROUND**

This case relates to a Classic Business Checking Account ("Account") held by Plaintiff, Corporación Industrial de Energia, C.A. ("Plaintiff" or "CIE") at JPMorgan. As alleged in the Amended Complaint, CIE is a private Venezuelan company that has held the Account at JPMorgan since at least 1999. ECF No. [13] ¶¶ 1, 8. On June 25, 2018, CIE's Board of Directors approved a resolution changing the authorized signatories on the Account. ¶ 11. JPMorgan was informed of the change in authorized signatories. ¶ 12. In 2018 JPMorgan required CIE to send some legal

information regarding the company and its shareholders which was sent to JPMorgan's satisfaction. ¶ 13. In or about January 2019, JPMorgan informed CIE that the Account had been internally restricted in 2018 and requested information to transfer the balance so that the Account could be closed. *Id*. ¶ 15. JPMorgan did not give an explanation for the restriction or under what authority the Account was restricted and needed to be closed. *Id*. ¶ 16. Despite CIE providing the requested instructions for the transfer of the Account, JPMorgan refused to honor them, insisting that the instructions be signed by two former directors of CIE, who had been replaced as authorized signatories on the Account. *Id*. ¶¶ 11, 17-18. CIE again provided the instructions and documentary support for the change in authorized signatories, but JPMorgan continued to insist on the signatures of two former directors. *Id*. ¶¶ 19-20.

In correspondence sent on March 18, 2019, CIE reiterated the change in authorized signatories and the former directors' resignations. *Id*. ¶ 21. JPMorgan responded that the Account had been restricted for failure to comply with annual "KYC" regulations and failed to acknowledge the records provided by CIE. *Id*. ¶ 22.

On April 3, 2019, Celestino Martinez, as CEO of CIE, sent a letter to JPMorgan requesting that a check be issued to CIE for the balance remaining in the Account. *Id*. ¶ 23. JPMorgan did not respond. *Id*. ¶ 24. On November 4, 2020, Martinez reached out again to JPMorgan, but JPMorgan did not respond. *Id*. ¶¶ 25-26.

In early 2022, Martinez again attempted to obtain information from JPMorgan regarding the reason for the Account restriction, why Defendant refused to update the authorized signatories on the Account, why Defendant refused to accept the transfer instructions, and why Defendant was holding the Account in a perpetual indeterminate state, refusing to either unfreeze, close, or transfer the Account balance. *Id*. ¶ 27. In response, on May 23, 2022, JPMorgan stated for the first

time ever that there was a restriction on the Account by the Office of Foreign Assets Control ("OFAC") but did not provide any additional information. ¶ 28. However, other than JPMorgan's assertion, CIE could not find any other information or evidence that the Account had been restricted by OFAC. *Id.* ¶ 30.

The Amended Complaint alleges that, after the commencement of this case, CIE obtained a copy of a "blocking report" that JPMorgan submitted to OFAC on November 20, 2019 regarding CIE's Account, which was not previously provided to CIE. *Id.* ¶¶ 35-36. Unbeknownst to CIE, JPMorgan had conducted accountholder screening and identified CIE as a potential sanctions match, such that JPMorgan made the determination to block CIE's Account. *Id.* ¶¶ 37-39. The Amended Complaint alleges "upon information and belief" that JPMorgan did not block CIE's Account based upon an exact match or information that CIE was a sanctions target, did not follow due diligence before contacting OFAC, and did not undertake any efforts to discuss the matter with CIE or OFAC prior to blocking the Account. *Id.* ¶¶ 41-43. As such, CIE alleges that JPMorgan either intentionally or recklessly withheld information from CIE concerning the status of its Account and actions to block the Account, and through its actions, deprived CIE of the use of its funds or the means for CIE to obtain use of its funds. *Id.* ¶¶ 46, 49.

As a result, CIE asserts two claims against JPMorgan for declaratory judgment pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201 (Count I) and for gross negligence (Count II). In the Motion to Dismiss, Defendant seeks dismissal of the Amended Complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) and failure to state a cause of action pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

Case No. 22-cv-22867-BLOOM/Otazo-Reyes

## II.  LEGAL STANDARD

Rule 8 of the Federal Rules requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although a complaint "does not need detailed factual allegations," it must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that Rule 8(a)(2)'s pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). In the same vein, a complaint may not rest on "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557 (alteration in original)). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. These elements are required to survive a motion brought under Rule 12(b)(6) of the Federal Rules of Civil Procedure, which requests dismissal for failure to state a claim upon which relief can be granted.

When reviewing a motion under Rule 12(b)(6), a court, as a general rule, must accept the plaintiff's allegations as true and evaluate all plausible inferences derived from those facts in favor of the plaintiff. *Miccosukee Tribe of Indians of Fla. v. S. Everglades Restoration Alliance*, 304 F.3d 1076, 1084 (11th Cir. 2002); *AXA Equitable Life Ins. Co. v. Infinity Fin. Grp., LLC*, 608 F. Supp. 2d 1349, 1353 (S.D. Fla. 2009). However, this tenet does not apply to legal conclusions, and courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555; *see Iqbal*, 556 U.S. at 678; *Thaeter v. Palm Beach Cnty. Sheriff's Off.*, 449 F.3d 1342, 1352 (11th Cir. 2006). Moreover, "courts may infer from the factual allegations in the complaint 'obvious alternative explanations,' which suggest lawful conduct rather than the

unlawful conduct the plaintiff would ask the court to infer." *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1290 (11th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 682).

A court considering a Rule 12(b) motion is generally limited to the facts contained in the complaint and attached exhibits, including documents referred to in the complaint that are central to the claim. *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 959 (11th Cir. 2009); *see also Maxcess, Inc. v. Lucent Techs., Inc.*, 433 F.3d 1337, 1340 (11th Cir. 2005) ("[A] document outside the four corners of the complaint may still be considered if it is central to the plaintiff's claims and is undisputed in terms of authenticity.") (citing *Horsley v. Feldt*, 304 F.3d 1125, 1135 (11th Cir. 2002)).

## III.   DISCUSSION

Since the filing of the Motion to Dismiss, JPMorgan filed a Notice of OFAC Authorization, ECF No. [28], notifying the Court that OFAC authorized JPMorgan to unblock CIE's Account. Thereafter, the Court requested that the parties confer and show cause with respect to effect of the OFAC authorization on the Amended Complaint, the Motion to Dismiss, and the Motion to Stay. *See* ECF No. [29]. In response, the parties each filed a notice setting forth their respective positions on the effect of the OFAC authorization. *See* ECF Nos. [30]. [31]. JPMorgan asserts that a portion of the Amended Complaint, and thus corresponding portions of the Motion to Dismiss, have been rendered moot, *see* ECF No. [31]. Specifically, JPMorgan states that the OFAC authorization has rendered moot the portions of the Motion to Dismiss relating to the lack of an OFAC license, failure to exhaust administrative remedies, and lack of subject matter jurisdiction based on the absence of an OFAC license. *Id.* at 3. CIE asserts that no portion of the Amended Complaint is moot, but that the Motion to Dismiss is moot as to Count I, *see* ECF No. [30].[1] The parties agree

---

[1] CIE also asserts that the Motion to Stay is moot, while JPMorgan maintains that it remains viable with respect to discovery relating to Count II.

that Count II for gross negligence has not been rendered moot as a result of the OFAC authorization.

With this context, the Court considers the instant Motions.

**A.  The Declaratory Judgment Count Is Not Entirely Moot**

JPMorgan contends that the OFAC license renders issues with respect to certain declaration to be past occurrences and thus, that no present controversy exists. CIE contends that a case and controversy continues to exist as to whether information provided to JPMorgan was and is sufficient for JPMorgan to release the funds.

"Since its inception, the Declaratory Judgment Act has been understood to confer on federal courts unique and substantial discretion in deciding whether to declare the rights of litigants." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 286 (1995). The act "vest[s] district courts with discretion in the first instance, because facts bearing on the usefulness of the declaratory judgment remedy, and the fitness of the case for resolution, are peculiarly within their grasp." *Id.* at 289; *see also Smith v. Casey*, 741 F.3d 1236, 1244 (11th Cir. 2014); 28 U.S.C. § 2201(a) (providing that district courts "may" exercise jurisdiction over a declaratory judgment claim). Pursuant to the plain language, a district court's ability to grant relief under the Act is permissive, and while the Act "gives the federal courts competence to make a declaration of rights[,] it does not impose a duty to do so." *Ameritas Variable Life Ins. Co. v. Roach,* 411 F.3d 1328, 1330 (11th Cir. 2005) (citing *Brillhart v. Excess Ins. Co. of Am.,* 316 U.S. 491, 494, 62 S. Ct. 1173, 86 L. Ed. 1620 (1942)). Accordingly, courts retain broad discretion over whether or not to exercise jurisdiction under the Act. *Knights Armament Co. v. Optical Sys. Tech., Inc.,* 568 F. Supp. 2d 1369, 1374 (M.D. Fla. 2008) *see also MedImmune, Inc. v. Genentech, Inc.,* 549 U.S. 118, 136, 127 S. Ct. 764, 166 L. Ed.

2d 604 (2007) (the Act grants a court "unique and substantial discretion in deciding whether to declare the rights of litigants." (citing 28 U.S.C. § 2201(a)).

"In all cases arising under the Declaratory Judgment Act, . . . the threshold question is whether a justiciable controversy exists." *Atlanta Gas Light Co. v. Aetna Cas. & Sur. Co.*, 68 F.3d 409, 414 (11th Cir. 1995) (citations omitted). This actual controversy requirement "is jurisdictional and, thus, 'a threshold question in an action for declaratory relief must be whether a justiciable controversy exists.'" *Odyssey Marine Exploration, Inc. v. Unidentified, Shipwrecked Vessel or Vessels*, 512 F. App'x 890, 895 (11th Cir. 2013) (quoting *U.S. Fire Ins. Co. v. Caulkins Indiantown Citrus Co.*, 931 F.2d 744, 747 (11th Cir. 1991)). Significantly, injuries sustained from "past conduct" will not support a claim for declaratory relief absent a showing "that such conduct has continued or will be repeated in the future." *Emory v. Peeler*, 756 F.2d 1547, 1552 (11th Cir. 1985); *see also Regency of Palm Beach, Inc. QBE Ins. Corp.*, No. 08-81442-CIV, 2009 WL 2729954, at *4 (S.D. Fla. 2009); *Am. Ins. Co. v. Evercare Co.*, 699 F. Supp. 2d 1355, 1359 (N.D. Ga. 2010) ("The Declaratory Judgment Act is inappropriate to adjudicate past conduct.").

Upon review, a significant portion of Count I for declaratory relief is due to be dismissed. In the Amended Complaint, CIE seeks a declaration that

> (i) Celestino Martinez and Tibisay Pulido are authorized signers on the subject account; (ii) CIE provided adequate transfer instructions to JPMorgan Private Bank prior to JPMorgan Private Bank's blocking of CIE's account and subsequent reporting to OFAC in November 2019; (iii) JPMorgan Private Bank's restricting of CIE's account in February 2018 was not in good faith; and (iv) JPMorgan Private Bank's blocking of CIE's account and subsequent reporting of CIE's account to OFAC was not in good faith.

ECF No. [13] ¶ 56. Paragraphs (ii)-(iv) plainly seek relief related to past conduct, which is not appropriate under the Declaratory Judgment Act. "The purpose of a declaratory judgment is not to address past wrongs but to settle actual controversies 'before they ripen into violations of law or a

breach of contractual duty.'" *Mech v. Sch. Bd. of Palm Beach Cnty.*, No. 13-80437-CIV-Marra, 2014 WL 12650695, at *2 (S.D. Fla. Oct. 17, 2014) (quoting 10B Wright & Miller, Federal Practice and Procedure § 2751 (3d ed. 1998)).

The only remaining portion of Count I that does not seek relief related to past conduct is paragraph (i), which seeks a declaration regarding the authorized signers on CIE's account. The Court notes, however, that JPMorgan does not dispute that Celestino Martinez is an authorized signer on the account, and thus the only claim remaining concerns Tibisay Pulido's status as an authorized signatory. *See* ECF No. [16] at 4 n.2. Accordingly, the Court will not dismiss Count I with respect to the relief sought as to Mr. Pulido.

**B. The Amended Complaint Fails to State a Claim for Gross Negligence**

Defendant argues that the Amended Complaint fails to state a claim for gross negligence because the allegations are made "upon information and belief," and that, in any event, the allegations fail to rise to the level of gross negligence. In response, CIE argues that the claim for gross negligence is adequately pleaded.

The first step of an inquiry into a gross negligence claim, as with simple negligence, is the determination of a legal duty owed by the defendant to the plaintiff. *Lamm v. State St. Bank & Trust*, 749 F.3d 938, 947 (11th Cir. 2014). While simple negligence requires a violation of "ordinary care," a claim sounding in gross negligence calls for more senseless actions, devoid of reason and demonstrating "willful, wanton, or reckless misconduct." *See F.D.I.C. v. Gonzalez-Gorrondona*, 833 F. Supp. 1545, 1549 (S.D. Fla. 1993) (internal citation and quotation omitted).

Here, the Amended Complaint does not adequately allege a cause of action for gross negligence. First, CIE alleges "upon information and belief" that JPMorgan failed to take a number of actions, including attempting to resolve the issue directly with CIE, or to follow due diligence

8

steps, before blocking CIE's account and issuing a "blocking report" to OFAC regarding CIE's account. ECF No. [13] ¶¶ 64-65. Although an "information and belief pleading can sometimes survive a motion to dismiss . . . where a plaintiff . . . alleges specific facts to support a claim, conclusory allegations made upon information and belief are not entitled to a presumption of truth, and allegations stated upon information and belief that do not contain any factual support fail to meet the plausibility standard." *Magnum Constr. Mgmt., LLC v. WSP USA Sols., Inc.*, 522 F. Supp. 3d 1202, 1209 (S.D. Fla. 2021) (quoting *Scott v. Experian Info. Sols., Inc.*, No. 18-cv-60178, 2018 WL 3360754, at *6 (S.D. Fla. June 29, 2018)). The Amended Complaint contains no factual support for JPMorgan's alleged failure to follow due diligence steps.

Second, the allegations do not allege sufficient facts to support the elements of a gross negligence claim under either Florida or New York law.[2]

To state a cause of action for gross negligence under Florida law, the following elements are required: "(1) the existence of a composite of circumstances which, together, constitute an imminent or clear and present danger amounting to more than the normal and usual peril; (2) a showing of chargeable knowledge or awareness of the imminent danger; and (3) an act of omission occurring in a manner which evinces a conscious disregard of the consequences." *Deutsche Bank Nat'l Tr. Co. v. Foxx*, 971 F. Supp. 2d 1106, 1117 (M.D. Fla. 2013) (citation omitted). Here, even taking CIE's allegations as true, the Amended Complaint fails to give rise to a plausible inference that JPMorgan had chargeable knowledge of any imminent danger, or that would evince a conscious disregard of consequences. *See Am. Dental Ass'n*, 605 F.3d at 1290 ("[C]ourts may infer from the factual allegations in the complaint obvious alternative explanations, which suggest

---

[2] The parties do not agree with respect to which state's laws govern the gross negligence claim. JPMorgan contends that New York law applies based upon the account agreement. *See* ECF No. [16]. CIE does not concede that New York law applies but contends that its claim is adequate regardless. *See* ECF No. [24] at 10 n.4.

lawful conduct rather than the unlawful conduct the plaintiff would ask the court to infer.") (internal quotation and citation omitted).

"Under New York law, a claim for gross negligence requires establishing four elements: (1) the existence of a duty owed by the defendant to the plaintiff; (2) defendant's breach of that duty; (3) injury to the plaintiff caused by the defendant's breach; and (4) conduct by the defendant that evinces a reckless disregard for the rights of others or 'smacks' of intentional wrongdoing." *Hadami, S.A. v. Xerox Corp.*, 272 F. Supp. 3d 587, 601 (S.D.N.Y. 2017) (citation omitted). In addition, "the duty giving rise to a gross negligence claim must be independent of the duty arising from a contract." *Id*. (quoting *Purchase Partners, LLC v. Carver Federal Sav. Bank*, 914 F. Supp. 2d 480, 497 (S.D.N.Y. 2012)). Here, the Amended Complaint fails to allege a duty. Moreover, it appears that any duty would arise from the relationship between CIE and JPMorgan, as defined by the Account documents. Moreover, the alleged conduct—failing to consult with CIE or OFAC and to follow due diligence steps—does not give rise to a plausible inference that JPMorgan acted with reckless disregard for CIE's rights.

Accordingly, Count II is due to be dismissed. As such, the Motion to Stay is rendered moot.

**C. Leave to Amend**

Federal Rule of Civil Procedure 15 governs amended pleadings generally and provides that "a party may amend its pleading only with the opposing party's written consent or the court's leave," which "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). However, the rule in the Eleventh Circuit is that "[a] district court is not required to grant a plaintiff leave to amend his complaint *sua sponte* when the plaintiff, who is represented by counsel, never filed a motion to amend nor requested leave to amend before the district court." *Wagner v. Daewoo Indus. Am. Corp.*, 314 F.3d 541, 542 (11th Cir. 2002). "Filing a motion is the

proper method to request leave to amend a complaint," and the motion "should either set forth the substance of the proposed amendment or attach a copy of the proposed amendment." *Long v. Satz*, 181 F.3d 1275, 1279 (11th Cir. 1999); *see also* S.D. Fla. L.R. 15.1 ("A party who moves to amend a pleading shall attach the original of the amendment to the motion[.]").

Here, CIE has already amended once as a matter of course, has not requested leave to amend again, and the deadline for amendment to the pleadings has passed. *See* ECF No. [10]. Accordingly, leave to amend further is not warranted. *See Cita Tr. Co. AG v. Fifth Third Bank*, 879 F.3d 1151, 1157 (11th Cir. 2018) (determining that leave to amend properly denied, where request to amend included in conclusion of opposition memorandum, and plaintiff failed to set forth facts to establish that amendment would not be futile); *see also Rosenberg v. Gould*, 554 F.3d 962, 967 (11th Cir. 2009) ("Where a request for leave to file an amended complaint simply is imbedded within an opposition memorandum, the issue has not been raised properly.") (quotation omitted).

## IV. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The Motion to Dismiss, **ECF No. [16]**, is **GRANTED IN PART**. Count I as to Tibisay Pulido shall proceed.

2. The Motion to Stay, **ECF No. [18]**, is **DENIED AS MOOT**. The parties may present any discovery disputes for resolution to Magistrate Judge Otazo-Reyes pursuant to her applicable procedures.

Case No. 22-cv-22867-BLOOM/Otazo-Reyes

**DONE AND ORDERED** in Chambers at Miami, Florida, on January 3, 2023.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record